IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KALAH DEEL                                                      PLAINTIFF

      v.                          CIVIL NO. 13-2017

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion and Amended Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  ECF No. 18, 21.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, and pursuant to said authority, the Court issues this Order.  ECF No. 7.

On January 29, 2014, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $5,168.32 representing a total of .42  attorney hours for work performed in 2012 at an hourly rate of $180.44,  25.52[2]  attorney hours for work performed in 2013 at a rate of $182.79 per hour, and 2.00 attorney hours of work performed in 2014 at an hourly rate of $186.46.  ECF No. 18, 22. On February 12, 2014, and February 14, 2014, the Defendant filed responses objecting to the hourly rate requested by Plaintiff and Plaintiff's request that the EAJA fees be made payable directly to his or her attorney.  ECF No. 20, 22.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2]Plaintiff's counsel contends that he put in 28.52 attorney hours in 2013, however, his declaration reveals he spent only 25.52 hours.  Accordingly, this Court will use 25.52 in its calculation.

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he or she is the prevailing party and the government's decision to deny benefits was not "substantially justified." *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits). However, we do not find that the hourly rates requested are authorized. *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Pursuant to Amended General Order 39, the hourly rate for 2012 is $180.00, the rate for 2013 is $183.00, and the rate for 2014 is $186.00. Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,117.76.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406*, in order to prevent double recovery by counsel for the Plaintiff.

AO72A
(Rev. 8/82)

**IV.**     **Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$5,117.76** pursuant to the EAJA,

28 U.S.C. § 2412.

Dated this 4th day of March 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)